Joseph P. Liccardi, Esq. Corporation Counsel, Rensselaer
You have asked whether one person may hold simultaneously the two positions of corporation counsel of a city and member of a planning board of a neighboring town.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The planning board has responsibility for the development of the master plan which forms the basis for development in the town (Town Law, §272-a); if authorized by the town board, advises other town departments and officers prior to the taking of action (id., § 274); and may be given the responsibility to approve site plans (id., § 274-a) and subdivision plans (id., § 276).
Generally, the corporation counsel of a city serves as the chief legal advisor of the city government.
Since zoning in a town is completely separate and independent of the zoning function in a city, we see no potential under the guidelines enunciated above for incompatibility between these two offices.
We conclude that one person may hold simultaneously the two offices of corporation counsel of a city and member of a planning board in a town.